UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLUS HENDERSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00932-SKO<br><br>**ORDER DIRECTING CLERK OF THE COURT TO UPDATE PLAINTIFF'S ADDRESS**<br><br>**ORDER REMINDING PLAINTIFF REGARDING HIS OBLIGATION TO OBEY THIS COURT'S ORDERS AND LOCAL RULES** |

Plaintiff Marcellus Henderson is a federal prisoner appearing pro se and *in forma pauperis* in this civil rights action.

**I.    BACKGROUND**

Plaintiff filed his original complaint and an application to proceed *in forma pauperis* (IFP) on June 14, 2021. (Docs. 1 & 2.) On June 16, 2021, the Court issued its First Informational Order in Prisoner/Civil Detainee Civil Rights Case. (*See* Doc. 3.)

On July 9, 2021, previously assigned Magistrate Judge Gary S. Austin issued his order granting Plaintiff's IFP application. (Doc. 5.)

On February 23, 2022, Judge Austin issued an Order to Show Cause (OSC) Why Case Should Not be Dismissed for Plaintiff's Failure to Exhaust Administrative Remedies Before Filing Suit. (Doc. 6.) Plaintiff timely responded to the OSC (Doc. 7), and it was discharged on

1   June 13, 2022 (Doc. 8).

2   On July 23, 2024, Judge Austin issued a minute order directing Plaintiff to file a "Notice
3   of Current Address" within seven days, "given that a significant amount of time has passed since
4   the matter was filed," noting screening had not yet been conducted. (Doc. 9.) On August 19,
5   2024, Plaintiff filed a Notice of Change of Address, indicating he had been transferred to the
6   federal penitentiary in Pine Knot, Kentucky. (Doc. 10.)

7   On October 6, 2025, this action was reassigned from Judge Austin to the undersigned for
8   all further proceedings. (Doc. 11.) The order was served on Plaintiff that same date to his address
9   on record with the Court.

10  On October 27, 2025, the United States Postal Service (USPS) returned the reassignment
11  order marked "Undeliverable" and "No Longer at This Address."

12  **II.    DISCUSSION**

13  Following the return of the Court's October 6, 2025, order by the USPS, the undersigned
14  has conducted a review of the docket for this action and consulted the Bureau of Prisons' inmate
15  locator tool. Although the docket for this action presently indicates Plaintiff is incarcerated at the
16  McCreary United States Penitentiary in Pine Knot, Kentucky, the Bureau of Prisons' locator tool
17  reveals that, as of today's date, Plaintiff is incarcerated at the United States Penitentiary, Terre
18  Haute (USP Terre Haute) in Indiana.[1] Therefore, the Court will direct the Clerk of the Court to
19  update Plaintiff's address and to re-serve the October 6, 2025, order to Plaintiff at USP Terre
20  Haute.

21  Plaintiff is reminded of his obligation to keep the Court apprised of his current address.
22  *See* Local Rules 182(f) ("Each appearing attorney and pro se party is under a continuing duty to
23  notify the Clerk and all other parties of any change of address …. Absent such notice, service of
24  documents at the prior address … shall be fully effective") & 183(b)[2] ("A party appearing in pro
25  propria persona shall keep the Court and opposing parties advised as to his or her current address.

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (Marcellus Henderson), last accessed December 4, 2025.

[2] Amended January 1, 2025, to reflect a 30-day deadline.

If mail directed to a plaintiff in pro propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute"); *see also* Doc. 3 at 1 ("In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), and the Local Rules of the United States District Court, Eastern District of California ('Local Rules'), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)") & 5 ("VIII. Current Address Required").[3]

Although the Court elected to consult the Bureau of Prisons' inmate locator tool on this occasion and will direct the Clerk of the Court to update Plaintiff's address, the Court is *not* obligated to do so. It is Plaintiff's responsibility to keep the Court apprised of his current address throughout the course of the litigation. **Plaintiff is warned that in the event he fails to keep the Court apprised of any change in address moving forward, the undersigned will recommend this action be dismissed for a failure to obey court orders and this Court's Local Rules, and for a failure to prosecute**. Further, Plaintiff is encouraged to use the Notice of Change of Address form previously provided by the Court for this purpose.

Lastly, the Court notes Plaintiff's original complaint has not yet been screened and will be screened in due course.[4]

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** the Clerk of the Court to take the following actions:

1. To update Plaintiff's address of record to reflect his current incarceration at USP Terre Haute; and

2. To re-serve the Order issued October 6, 2025 (Doc. 11) to Plaintiff's new address.

IT IS SO ORDERED.

---

[3] A Notice of Change of Address form was included for Plaintiff's use. (*See* Doc. 3 at 7.)

[4] The Court is required to screen prisoner civil rights complaints. *See* 28 U.S.C. 1915A(a).

Dated: **December 4, 2025**              /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE