# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MARCELLUS HENDERSON,

        Plaintiff,

    v.

UNITED STATES, et al.,

        Defendants.

Case No. 1:21-cv-00932-FRS (BAM) (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (ECF No. 18)

**FOURTEEN (14) DAY DEADLINE**

Plaintiff Marcellus Henderson ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 18.)

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    **Plaintiff's Allegations**

Plaintiff is currently housed at Terre Haute Federal Correctional Institution in Terre Haute, Indiana. Plaintiff alleges the events in the second amended complaint occurred while he was housed at United States Penitentiary, Atwater ("USP Atwater") in Atwater, California. Plaintiff names as defendants: (1) A. Coilli, Warden; (2) K. Silva, Assistant Health Services Administrator; and (3) Peru, Correctional Officer.[1]

Plaintiff alleges that Defendant Warden A. Coilli acted deliberately indifferent to Plaintiff by exposing him to COVID-19, when Plaintiff was placed in Building 4A, Cell 105 on December 9, 2020. Both Defendants Coilli and K. Silva were well aware on December 9, 2020 that COVID-19 was running rampant at USP Atwater. Plaintiff tested negative for COVID-19 on November 12, 2020 through December 9, 2020, yet was taken from an obviously safe environment in Building 3 and placed in Building 4. Harm from COVID-19 is not speculative and the risk posed to Plaintiff is a serious medical need.

///

---

[1] Plaintiff has chosen to omit defendants named in prior versions of the complaint. (ECF Nos. 1, 15.)

Defendants Coilli and Silva were both aware that Plaintiff was in Building 4A from December 9 through December 21, 2020.  Plaintiff tested positive for COVID-19 on December 21, 2020, and to this date suffers from a lack of smell and taste, loss of normal mobility, migraine headaches, and other joint pains.  Scientific opinion supports this claim that exposure to COVID-19 could endanger one's health.  It is a matter of law that compelled exposure to a known disease violates a prisoner's rights.  Plaintiff's BP-8 grievance shows Defendants Coilli and Silva knew Plaintiff did not have COVID-19 in Building 3 from November 12, 2020 through December 9, 2020, when he was moved into harm's way to Building 4 where he caught COVID-19.

Plaintiff further alleges that on February 5, 2021 in Building 4A, the 4 p.m. Correctional Officer, Defendant Peru would not allow inmates use of chemicals and cleaning supplies.  A camera review will specifically show Plaintiff on February 5, 2021 in Building 4A requesting chemicals and cleaning supplies from Defendant Peru and his denial of chemicals and cleaning supplies to Plaintiff to allow Plaintiff to sanitize his cell.  This violates Plaintiff's substantial rights, especially during COVID-19 in a place where COVID-19 was rampant at that time.  This compelled exposure to a known disease violates a prisoner's rights.

Plaintiff requests compensatory and punitive damages.

**III.    Discussion**

Plaintiff's second amended complaint fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

**A.    Supervisory Liability**

Insofar as Plaintiff is attempting to sue any defendant based solely upon their supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

///

3

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**B.    Federal Tort Claims Act ("FTCA")**

"The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992)). "The United States is the only proper defendant in an FTCA action." *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995) (citing *Woods v. United States*, 720 F.2d 1451, 1452 n.1 (9th Cir. 1983)). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to the plaintiff under California tort law. *United States v. Olson*, 546 U.S. 43, 44 (2005); *Delta Savings Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001)). "The law of the place in § 346(b) has been construed to refer to the law of the state where the act or omission occurred. Thus, any duty that the United States owe[s] to plaintiff[ ] must be

4

found in California state tort law." *Delta*, 265 F.3d at 1025 (internal citations and quotation marks omitted).

"Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal. App. 4th 983, 994, 70 Cal. Rptr. 3d 519 (2008) (internal quotations omitted)).

The conclusory allegations in Plaintiff's second amended complaint, as in the original and first amended complaints, are not sufficient to state a cognizable claim under the FTCA. While Plaintiff alleges in a conclusory fashion that he contracted the COVID-19 virus as a result of Defendants transferring him from Building 3 to Building 4A, Plaintiff does not allege how or if he came into contact with any inmates or staff who were exposed to COVID-19 as a result of the actions or inactions of any defendant. In addition, Plaintiff has not named the United States as a defendant in the second amended complaint, and the United States is the only proper defendant in an FTCA action. *Lance*, 70 F.3d at 1095.

#### C.    *Bivens* Actions

For the first time, the second amended complaint attempts to raise claims pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

To date, the Supreme Court has only recognized a *Bivens* remedy in the context of the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. 388 (Fourth Amendment prohibition against unreasonable searches and seizures); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment gender-discrimination); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment Cruel and Unusual Punishments Clause for failure to provide adequate medical treatment). The Supreme Court has recently made clear that "expanding the *Bivens* remedy is now a disfavored judicial activity," and has "consistently refused to extend *Bivens* to any new context or new category of defendants. *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (citations omitted); *see Egbert v. Boule*, 596 U.S. 482, 483 (2022) (The Court reiterated that "recognizing a

*Bivens* cause of action is 'a disfavored judicial activity.'").

Traditionally, courts applied a two-part test to determine the appropriateness of extending a *Bivens* cause of action. First, the Court examined whether the claim arises in a "new context" or involves a "new category of defendants." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020). Second, if the claim does indeed arise in a new context, the Court assessed whether there exists any "special factors counselling hesitation in the absence of affirmative action by Congress." *Ziglar*, 582 U.S. at 136 (internal quotations omitted). However, the Supreme Court recently reformulated this test. In *Egbert*, the Supreme Court determined that these two steps can be distilled to one single inquiry; that is, "whether there is any reason to think that Congress might be better equipped to create a damages remedy." 596 U.S. at 492. Further, the Court specified that if there is even one rational reason to defer to Congress to afford a remedy, then "a court may not recognize a Bivens remedy." *Id.* Practically, the Court concluded that a rational reason for deference to Congress will exist "in most every case." *Id.*

Finally, the presence of an alternative remedial structure counsels against extending *Bivens* to a new cause of action. The Court may not even determine the adequacy of the alternative remedy, as this too is a task left to Congress. *Egbert*, 596 U.S. at 498. Indeed, "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Id.* This remains true "even if a court independently concludes that the Government's procedures are 'not as effective as an individual damages remedy.'" *Id.* (quoting *Bush v. Lucas*, 462 U.S. 367, 372 (1983)).

Critically, Plaintiff's allegations are properly characterized as a conditions of confinement claim, which differs from a claim for failure to provide medical care or treatment. As indicated above, in *Carlson*, the Supreme Court extended *Bivens* to a claim arising from the Cruel and Unusual Punishments Clause of the Eighth Amendment based on the failure to provide adequate medical treatment. 446 U.S. 14. However, deliberate indifference to a serious medical need, *see Carlson*, 446 U.S. at 16 n.1, is different than Plaintiff's claims arising out of his alleged exposure to COVID-19 due to his transfer to a different building. Numerous district courts in the Ninth

Circuit and elsewhere have found that Eighth Amendment claims based on prison officials' alleged failure to protect prisoners from COVID-19 arise in a "new context" and declined to extend a *Bivens* cause of action to that context. *See Clark v. Ciolli*, Case No. 1:21-cv-01081-SKO (PC), 2022 WL 17475718, at *4 (E.D. Cal. Dec. 6, 2022) (collecting cases). Accordingly, because Plaintiff's Eighth Amendment conditions of confinement claim arises in a different context from that of *Carlson*, the Court also must employ a special factors analysis for this claim.

As discussed in *Ziglar*, "the existence of alternative remedies usually precludes a court from authorizing a Bivens action." *Ziglar*, 582 U.S. at 148. It is clear Plaintiff has alternative remedies available to him, including the Bureau of Prisons administrative grievance process and a federal tort claims action. Moreover, "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id.* As noted by the Supreme Court:

> Some 15 years after *Carlson* was decided, Congress passed the Prison Litigation Reform Act of 1995, which made comprehensive changes to the way prisoner abuse claims must be brought in federal court. So it seems clear that Congress had specific occasion to consider the matter of prisoner abuse and to consider the proper way to remedy those wrongs. This Court has said in dicta that the Act's exhaustion provisions would apply to *Bivens* suits. But the Act itself does not provide for a standalone damages remedy against federal jailers. It could be argued that this suggests Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment.

*Id.* (internal citations omitted). Congress has been active in the area of prisoners' rights, and its actions do not support the creation of a new *Bivens* cause of action arising out of Plaintiff's Eighth Amendment conditions of confinement claim in these circumstances. This deficiency cannot be cured by amendment, and thus further leave to amend is not warranted.

## IV.    Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this action.

///

7

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 4, 2026**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

8